**NOT FOR PUBLICATION**

**FILED**

OCT 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUGO RAMIREZ-MENDOZA, | No. 15-73291 |
| Petitioner, | Agency No. A206-264-278 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2019**

Before:    FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

Hugo Ramirez-Mendoza, a native and citizen of Mexico, seeks review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  Our

jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that, even if credible, Ramirez-Mendoza failed to establish he would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). To the extent Ramirez-Mendoza asserts he is a member of the particular social group of family, we lack jurisdiction to consider this claim as he failed to raise it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). Thus, Ramirez-Mendoza's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Ramirez-Mendoza failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The government's motion for reconsideration (Docket Entry No. 30) is

2                                                                   15-73291

denied as moot.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**